UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL SANCHEZ (1),<br><br>                              Defendant. | Case No.:  20CR0250-JLS<br>               24CV0177-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE and  DENYING CERTIFICATE OF APPEALABILITY**<br><br>**[ECF No. 210]** |

Pending before the Court is Defendant Miguel Angel Sanchez's pro se  Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (ECF No. 210).  The Court has considered Defendant's motion and the record in this case and, for the reasons set forth below, will dismiss Defendant's motion for lack of jurisdiction.

**Background**

On February 8, 2022, pursuant to a plea agreement, Defendant pled guilty to  one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846  and one count of conspiracy to lander monetary instruments in violation of 18 U.S.C. § 1956.  ECF Nos. 150, 151.  Under the terms of the plea agreement,

Defendant agreed to waive all rights to appeal or to collaterally attack the conviction and sentence, with two exceptions. Defendant was permitted to "appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing…," and was permitted to "collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel." ECF No. 151 at 15. Defendant was sentenced by this Court on April 7, 2023 to a concurrent term of imprisonment of 78 months' imprisonment on each count and 3 years of supervised release. ECF No. 207.

## Analysis

In his § 2255 motion, Defendant takes issue with the fact that a prior Riverside County Superior Court conviction for aiding and abetting in exhibition of speed was counted in his criminal history computation. Defendant contends that this conviction, which was scored as 1 point pursuant to United States Sentencing Guideline Sections 4A1.1(c) and 4A1.2(c)(1), was a mere traffic citation and should not have scored. Thus, Defendant requests that his criminal history category be reduced from category III to I, and that his sentence be reduced to 63 months.[1] Defendant's Motion, ECF No. 210 at 12. This challenge to Defendant's sentence is not based an allegation that Defendant received ineffective assistance of counsel,[2] and is thus barred by his plea agreement waiver of collateral attack.

---

[1]  Defendant's calculation in this regard is faulty. Even without the 1-point disputed conviction, Defendant would have been in the same criminal history category applied at sentencing. Defendant would have had 4 criminal history points instead of 5, which would still have resulted in a criminal history category of III. *See* Presentence Report, ECF No. 160 at 16-19.

[2]  In explaining why his prior conviction should not have scored, Defendant does indicate that his attorney never showed him his discovery, or read anything to him, "they just told me to sign I did not know what I was signing." Defendant's Motion, ECF No. 210 at 5. It is not clear whether this alleged failure of counsel was during the Superior Court proceedings or the proceedings in this case. However, Defendant makes no claim that his sentence in this case was illegal due to ineffective assistance of counsel, he merely seeks a sentence reduction based upon the nature of his prior conviction.

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993).

In this case, the record reflects that Defendant's plea agreement was knowingly and voluntarily entered and Defendant makes no clear showing otherwise. The language of the plea agreement indicates that Defendant read and understood the terms of the agreement and that he was satisfied with his counsel's representation. ECF No. 151 at 17-18. The Magistrate Judge took Defendant's guilty plea in full compliance with Rule 11 of the Rules of Criminal Procedure and recommended this Court accept the guilty plea upon a finding that Defendant was competent to enter the plea, did so voluntarily, and there was a factual basis for the plea. ECF No. 152. Although Defendant's motion alleges that his attorney "just told me to sign I didn't know what I was signing," it is not clear if Defendant is referencing this case or the case leading to his disputed prior conviction. *See* n. 2, *infra.* If it is a reference to the plea agreement in this case, this ambiguous allegation lacks credibility considering Defendant's representations in the plea agreement and sworn testimony during the change of plea proceedings. Therefore, the Court finds that Defendant's plea agreement was knowingly and voluntarily entered and, thus, that Defendant's waiver of his right to collaterally attack his sentence is valid. Accordingly, this Court lacks jurisdiction to consider Defendant's motion. *See Washington v Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

## Conclusion

Having carefully considered Defendant's claims in view of the case files and records, the Court finds the record sufficiently developed to conclusively show that Defendant is entitled to no relief. The Court finds that Defendant has validly waived his

right to collaterally attack the sentence imposed in this case. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Additionally, the Court **DENIES** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right. See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").

IT IS SO ORDERED.

Dated: July 8, 2024

Hon. Janis L. Sammartino
United States District Judge